(1)

United States District Court, Scranton

DaviD A Gambino 3:18cv2241
Plaintiff/Victom

case no: none asighned

v

Federal Correctional Institution Schuylkill, Warden, AHSA Simonson, Located at P.O. Box 759, Minersville, PA 17954-0759

FILED
SCRANTON
NOV 20 2018
PER [signature]
DEPUTY CLERK

Motion for Emergancy Restraining Order to End Retalitory Punishment Against the Plaintiff Who Filed a Prison Rape Elimination Act Violation Against Staff on 11/14/2018, And Motion to Order Defendants to Immidiatly Show Compliance to Title 42 U.S.C. 30305 Prison Rape Elimination Act Compliance, and or HALT Eligibility of Federal Grants pursuent 42 U.S.C. § 30308(a) For lack of Compliance

Now Comes Plaintiff, David A Gambino, whom reported to the mental Health Staff of F.C.I. Schuylkill that AHSA Simonson, a appointed Health Administrator, had stated the Plaintiff could obtain his needed medical

walking can in exchange for a "Blow me" offer - reffering to a sexual Act on or about Oct 28, 2018.

Plaintiff is a mental Health Plaintiff with chronic PTSD caused by child hoop sexual abuse, and has crippling ANxioty and Pacic attacks that have, in 2016, caused 2 suicide attemps while in Bureau of Prisons Custody.

Upon reporting the sexual violation to the mental Health Staff, which includes Plaintiffs reports of unmanagable panic attacks, anxioty, and PTSD flashbacks, the mental Health Staff choice to not seperate the Plaintiff/victom from the AHSA Simonson, whom upon visual contact, the Plaintiffs mental Health becomes unmanageble, and Plaintiffs fear overcomes him as well.

Defendants, instead of provideing the seperation the Plaintiff was told he, the AHSA Simonson, would be told to stay away from the Plaintiff, but still be allowed to within the Plaintiffs presence.

Plaintiffs open expression of fear he will be forced to perform falacio (Blow job) would not ~~se~~ cease when AHSA Simonson still has



axcess to Plaintiff, and still is in a utharitive Roll.

Plaintiffs reported panic attacks, anxiety, and PTSD side effects of flashbacks, and basic fear of being forced into sex was ignored as a factor to put the Plaintiff in Protective Custody, or put the Plaintiff on the Compound while the AHSA Simonson was, and could not be in Any contact with the Plaintiff/Victom.

Instead, Plaintiff was denied Protective Custody and told the ASHA Simonson would be on the Compound, within view of Plaintiff, and still have access to Plaintiff ~~as his~~ as a Officer, and as a Authority over him - and within reach - but with a Promise he will not bother me anymore.

Plaintiff did then ask the Lieutenant to provide Protective Custody, and or keep the AHSA Simonson away from me - as in not on the Compound were he can have access to me. My Requests were denied, and I was Ordered to go back to the General Population and be forced to be in the Presence of AHSA Simonson whom violated the Zero tolerance



practice, and Policy, of Title 42 U.S.C. § 30308 ("PREA").

Plaintiffs claims were reported to be on video camera, and locatible through investigation that would normally take Place BEFORE a conclusion of "Truth" or "Lie" was concluded.

Here, the Plaintiffs claims were deemed "Lie", and Plaintiff was not afforded the protections normally alloted to inmates during PREA reports. Plaintiff was plainly disbelieved, and was forced to be in the presence and danger of the sexual perpatrator, while knowingly having mental health degeration that causes interuptions to Plaintiffs ability to eat, sleep, think, and enjoy basic daily functions due to the Crippling Effects Anxiety, panic attacks, and PTSD triggered by contact, physical and or visual, that have been reported to effect this Chronic Mental Health Patient.

At around 5PM on 11/14/2018, Plaintiff refused to be put at Risk, and demanded Protective Custody due to fear of continued exposure to AHSA Simonson that does cause mental health Crisis with this Victom/Plaintiff.

Defendants did then Punish the Plaintiff for his refusal to be forced to be among ASHA Simonson whom the Plaintiff/Victom fears will be able to touch Plaintiff and Force Plaintiff into sexual Acts unwanted.

Plantiff was ticked, and will continue to be ticked and loose earned, and unearned Good Time each week for refusing to be put back in the General Population were ASHA Simonson awaits.

Here, the PREA standards for securing the safty of the Victom (Plaintiff) was ignored, and the Defendants plainly disbelieved the report WITH OUT ANY review of the Video evidence. This desent from accredition standards of PREA 30308 shows the Defendants do not quilify for there Eligibility of Federal PREA Grants.

Plaintiff is now in Special Housing Unit because he (myself) was forced to protect myself. However, the Defendants are curantly punishing the Plaintiff with sanctions. see ticket inclosed.

Request of Motion

1) Motion for Emergancy Restraining Order to end Defendants Retalitary Ticketing for his need for Protective Custody and Safe keeping from a Sexual Preditor, Pursuent PREA, Defendants have denied all protective actions, and are now violating Plaintiffs Rights to Equal Protection under the law, and the Institutionalized Persons Rehabilitation Act for denying the PREA practices in which they collect grants to privide.

2) Motion to Order Defendants to Cease and disist, Halt, or do not except any PREA Grant's appropriations untill this Honorable Court is shown the Defendants ARE in Full Compliance with all standards, acts, and Practices of PREA and the Bureau of Prisons Policies that have adopted PREA standards.

3) Plaintiff Asks that this Honorable Court Immidiatly Process this fileing, and send a inFarma Paupeirs application, and Civil Rights/Bivens complaint to be filled out and mailed back without the pause of, or wait for refiling.

Plaintiffs mental Health will deteriorate rapidly if Forced to be subjected to be in the Presence of the Sexual Violator.

Plaintiff presents to this Honorable Court a recently filed Federal Case in the 4th District of Maryland, being heard in Baltimore, Gambino v Hershberger et al, that was filed in 2017, and showcases a prior sexual Assult by a Burea of Prisons officer that was the cause of Plaintiffs Multiple Suicide attemps. Plaintiff now has tried to get Protection for another sexual Vebal Assult before it escalated into a situation similar to Gambino v Hershberger did. However, the Defendants have chosen to disbelieve the Plaintiff, and then deny the Plaintiff the Protections he needs, and as required by PREA.

Plaintiffs ticketing, if allowed to continue will either force the Plaintiff out of protected Custody and into a dangerous situation, and or the Plaintiffs incarseration will be extended for self Preservation of his body from sexual asult, or mental Health Crisis Known to be the out come if Forced to be in the presence of the Sexual Predator.

Plaintiff PREYS this Honorable Court will Immidiatly Interviene, and allow this Motion to Continue while ~~Plaintiff~~ Plaintiff filles out the remaining forms.

The above is true and fact. [signature] 11/15/2018

I, David Gambino, sent a true Copy to U.S. Courthouse, 235 North Washinton Ave, Scranton PA 18503 By 11/15/2018

~~David Gambino~~ 19757055
David Gambino
F.C.I. Schuylkill
PO BOX 759
Minersville, PA 17954-0759

BP-A0288
JAN 17
**U.S. DEPARTMENT OF JUSTICE**

# INCIDENT REPORT

**FEDERAL BUREAU OF PRISONS**

## Part I – Incident Report

| | | | |
|---|---|---|---|
| 1. Institution: FCI SCHUYLKILL | | Incident Report Number: | |
| 2. Inmate's Name: Gambino, David | 3. Register Number: 19757-055 | 4. Date of Incident: 11-14-2018 | 5. Time: 4:55 pm |
| 6. Place of Incident: Lieutenant's Office | 7. Assignment: CMS WK POL | | 8. Unit: 3A |
| 9. Incident: Refusing PRGRM ASSIGN, ORDERS | | 10. Prohibited Act Code (s): 306, 307 | |

11. Description of Incident (Date: 11-14-2018 Time: 4:55 pm Staff became aware of incident):

On November 14, 2018 at approximately, 4:55 PM., I told inmate Gambino, David, Reg. No. 19757-055, to return to his assigned housing unit. The Inmate stated "no". I then gave the inmate a direct order to leave the lieutenant's office. The inmate responded "no".

| | | |
|---|---|---|
| 12. Typed Name/Signature of Reporting Employee: J. Dugett [signature] | 13. Date And Time: 11/14/2018 9:00 pm | |
| 14. Incident Report Delivered to Above Inmate By (Type Name/Signature): [signature] | 15. Date Incident Report Delivered: 11/15/18 | 16. Time Incident Report Delivered: 11/15/18 2:25 PM |

## Part II – Committee Action

17. Comments of Inmate to Committee Regarding Above Incident:

18. A. It is the finding of the committee that you:
- ☐ Committed the Prohibited Act as charged:
- ☐ Did not Commit a Prohibited Act.
- ☐ Committed Prohibited Act Code (s). _______

B. ☐ The Committee is referring the Charge(s) to the DHO for further Hearing.
C. ☐ The Committee advised the inmate of its finding and of the right to file an appeal within 20 calendar days.

19. Committee Decision is Based on Specific Evidence as Follows:

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act):

21. Date and Time of Action: __________ (The UDC Chairman=s signature certifies who sat on the UDC and that the completed report accurately reflects the UDC proceedings).

Chairman (Typed Name/Signature): Member (Typed Name): Member (Typed Name):

INSTRUCTIONS: All items outside of heavy rule are for staff use only. Begin entries with the number 1 and work up. Entries not completed will be voided by staff.

Distribute: Original-Central File Record; COPY-1-DHO: COPY-2-Inmate after UDC Action; COPY 3-Inmate within 24 hours of Part I Preparation

David Gambino 19757055
Federal Correctional Institution Schuylkill
P.O. Box 759
Minersville, PA 17954-0759

Mailed from
Federal Correctional Institution
Schuylkill, PA

HARRISBURG PA 171
16 NOV 2018 PM 2 L

TO U.S. Courthouse
PO BOX 1148
Scranton, PA 18503

RECEIVED
SCRANTON
NOV 2 0 2018
PER DEPUTY CLERK

18501-114848