**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DAVID GAMBINO, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:18-2241 |
| v. | : | |
| | | (JUDGE MANNION) |
| Warden, FCI-Schuylkill, et al., | : | |
| Defendants | : | |

| | | |
|---|---|---|
| DAVID GAMBINO, | : | |
| Plaintiff | : | CIVIL ACTION NO. 19-0249 |
| v. | : | (JUDGE MANNION) |
| Warden, FCI-Schuylkill, | : | |
| Defendants | : | |

## **MEMORANDUM**

### I. **Background**

On November 11, 2018, Plaintiff, David Gambino filed Civil Action No. 3:18-2241, pursuant to 28 U.S.C. §1331. (Doc. 1). He names FCI-Schuylkill Warden and Assistant Health Services Administrator (AHSA) Simonson as Defendants. Plaintiff claims to suffer "with chronic PTSD caused by childhood

sexual abuse and has crippling anxiety and panic attacks." Id. Plaintiff alleges that Defendant Simonson required him to perform oral sex upon him or he would not receive a cane. Id. He further alleges that he refuses to go to general population so that he does not have to be in the presence of AHSA Simonson. Id. He states the he "is now in Special Housing Unit because he was forced to protect himself; however, the Defendants are currently punishing the Plaintiff with sanctions." Id.

On February 13, 2019, Plaintiff filed Civil Action No. 3:19-0249, pursuant to 28 U.S.C. §1331. (Doc. 1). Plaintiff claims that he is being denied access to stamps, copies, legal materials and the law library, which is affecting the five pending cases he is litigating. Id.

On April 15, 2019, Plaintiff filed a motion to consolidate Civil Action No. 3:18-2241 with Civil Action No. 3:19-0249. (Doc. 27). Specifically, he requests the Court "to consolidate the above two cases, then stay or hold in abeyance until the Plaintiff has exhausted what administrative remedies are actually available" and "upon completion in or around August, 2019, Plaintiff will file his complaint, attempt to secure expert testimony and present a case himself." Id.

On April 19, 2019, Defendants filed a brief in opposition to Plaintiff's

motion to consolidate, in which they oppose consolidation as there is no common question of law or fact between the two actions. (Doc. 30). Defendants further oppose any stay, as Plaintiff is required to exhaust administrative remedies prior to filing an action in federal court. Id.

II. **Discussion**

> Rule 42(a) of the Federal Rules of Civil Procedure provides:
>
> When actions involving a common question of law or fact are pending before the court, it *may* order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed.R.Civ.P. 42. (Emphasis added).

Rule 42(a) . . . confers upon a district court broad power, whether at the request of a party or upon its own initiative, to consolidate causes for trial as may facilitate the administration of justice." Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc., 339 F.2d 673, 675-76 (3d Cir. 1964), *cert. denied*, 382 U.S. 812 (1965). Although the existence of common issues is a prerequisite for consolidation, the mere fact that multiple actions involve common issues of fact or law does not compel consolidation. Russell v. United States, 2012 WL 2792239, at *2 (M.D. Pa. July 9, 2012) (citing Liberty Lincoln Mercury, Inc.

3

v. Ford Mktg. Corp., 149 F.R.D. 65, 80 (D.N.J. 1993)). In considering a motion to consolidate, the court must balance the savings of time and effort gained through consolidation against the prejudice, inconvenience, or expense that it might cause. See Mincy v. Chmielewski, 2006 WL 1997457, at *2 (M.D.Pa. 2006) (citing Bernardi v. City of Scranton, 101 F.R.D. 411, 413 (M.D.Pa. 1983)). The moving party bears the burden of proof on a motion to consolidate. See Borough of Olyphant v. PPL Corp., 153 Fed.Appx. 80 (3d Cir. 2005). See also Vicky M. v. Ne. Educ. Intermediate Unit, 2010 WL 481244, at *1 (M.D. Pa. Feb. 4, 2010).

Moreover, The PLRA "mandates early judicial screening of prisoner complaints and requires prisoners to exhaust prison grievance procedures before filing suit." See 42 U.S.C. §1997(e); Jones v. Bock, 549 U.S. 199 (2007). Section 1997(e) provides, in relevant part "[n]o action shall be brought with respect to prison conditions under section 1983 of the Revised Statutes of the United States, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997(e).

The Supreme Court has explicitly provided that all prisoners must exhaust their administrative remedies as to any claim that arises in the prison

4

setting, regardless of the kind of relief sought. See Porter v. Nussle, 534 U.S. 516, 532 (2002). Moreover, the exhaustion of available administrative remedies is required before filing a civil rights action under §1983. See Perazzo v. Fisher, Civ. No. 11-1505, 2012 WL 1964419 (M.D. Pa. May 31, 2012) (citing 42 U.S.C. §1997(e)); Jones v. Lorady, Civ. No. 11-666, 2011 WL 2461982 (M.D. Pa. June 17, 2011) (dismissing prisoner complaint *sua sponte* for failure to exhaust administrative remedies prior to initiating federal action). "[I]t is beyond the power ... of any [court] to excuse compliance with the exhaustion requirement" of §1997(e). Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000); see also Spruill v. Gillis, 372 F.3d 218, 227-32 (3d Cir. 2004).

While the exhaustion requirement is an affirmative defense that must be pleaded and proven by the defendants, and while a prisoner need not allege that he has exhausted his administrative remedies, Jones, 549 U.S. at 216, the Court may *sua sponte* dismiss an action where the Plaintiff's failure to exhaust is clear on the face of the complaint. McPherson v. United States, 392 Fed.Appx. 938 (3d Cir. 2010); Ray v. Kertes, 285 F.3d 287, 293 n.5 (3d Cir. 2002); see also Booth v. Churner, 206 F.3d 289 (3d Cir. 2000) (affirming *sua sponte* dismissal where prisoner plaintiff conceded that he did not exhaust administrative remedies); Perazzo, 2012 WL 1964419, at *1

5

(dismissing case *sua sponte* for failure to exhaust administrative remedies where plaintiff indicated in the complaint that the grievance process was not complete but was at the "last stage").

Here, it is apparent from Plaintiff's own admission in his motion to consolidate, that he did not exhaust his administrative remedies prior to filing the instant actions. (See Doc. 27). Regardless of whether Plaintiff's actions comply with Fed.R.Civ.P. 42, for consolidation, the PLRA requires exhaustion prior to the initiation of Plaintiff's claims in federal court. Because this Court cannot excuse compliance with those requirements, *sua sponte* dismissal of the above captioned actions is appropriate.

**III. Conclusion**

For the foregoing reasons, Plaintiff's motion to consolidate will be denied and Plaintiff's above captioned actions will be dismissed without prejudice. An appropriate Order follows.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: May 7, 2019**
18-2241-01

6